IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLIE L. FRENCH &
ANTHONY M. LEWIS,

        Plaintiffs,

    v.

FARM BUREAU MUTUAL INSURANCE
COMPANY OF IDAHO et al.,

        Defendants.

No. CV 07-15-MO

OPINION & ORDER

**MOSMAN, J.,**

    Before the court are plaintiff Kellie French's motion for leave to amend the complaint, and defendants Farm Bureau Mutual Insurance Company of Idaho ("Farm Bureau") and Michael Garman's separate motions to dismiss.  As explained below, the motion for leave to amend is GRANTED, Farm Bureau's motion is DENIED, and the parties are directed to submit further briefing as relates to defendant Garman's motion.

## BACKGROUND

    Viewing the facts as alleged by plaintiffs, plaintiff Anthony Lewis, an Idaho resident, has home and car insurance through Farm Bureau.  In 2005, Mr. Lewis asked his insurance agent,

PAGE 1 - OPINION & ORDER

defendant Garman, and other Farm Bureau agents,[1] if he could add a friend's car to his insurance policy. He explained that his friend, Ms. French, resides in Oregon, that she has an Oregon's driver's license, and that the car is garaged in Oregon. Farm Bureau agents told Mr. Lewis it would be "no problem" to add Ms. French's car to his existing policy, and shortly thereafter her car was added and Farm Bureau began charging additional premiums. Notice was sent to Ms. French in Oregon stating that both her car had been added and that she was also added as an additional driver.

In November 2005, Ms. French was in a car accident in Oregon. The third-parties involved in the accident were insured by defendant Farmer's Insurance Exchange ("Farmer's"). In early 2006, Farm Bureau received notice (presumably from Farmer's) of a pending claim against Ms. French arising out of the November accident. Farm Bureau never contacted Ms. French informing her of the claim being made against her; and ultimately, Farm Bureau reported to Farmer's that she was uninsured. Ms. French learned of Farm Bureau's coverage denial when defendant Credit Collection Services ("CCS") demanded over $11,000.00 for subrogation claims.

Ms. French denies liability in the underlying accident and seeks a defense from Farm Bureau. Farm Bureau denies any coverage is owed, contending that under Idaho law Mr. Lewis lacks an insurable interest in Ms. French's car, thus voiding the policy as extends to her vehicle. Farm Bureau has refunded all of the additional premiums it charged for adding the vehicle to Mr. Lewis's policy.

In January 2007, both plaintiffs filed suit against Farm Bureau, its agents, Farmer's, and CCS, alleging diversity jurisdiction. Farmer's answered their complaint in February. On March 1, defendant Garman filed a motion to dismiss arguing the court lacked diversity jurisdiction as Mr. Lewis and the Farm Bureau defendants are all residents of Idaho and also arguing the court

---

[1] Defendants Jane Doe and ABC Company. Compl. at ¶¶ 5, 8.

PAGE 2 - OPINION & ORDER

lacked personal jurisdiction over him.  Shortly thereafter, Mr. Lewis filed a notice of voluntary

dismissal under Fed. R. Civ. P. 41(a)(1), dismissing all of his claims against all of the

defendants.  A few days later, Farm Bureau filed a motion to dismiss, also challenging diversity

and personal jurisdiction.  Finally, in response to Mr. Lewis's voluntary dismissal, Ms. French

filed a motion for leave to amend the complaint to remove Mr. Lewis as a party and name one of

the Farm Bureau defendants previously identified as "Jane Doe."

## DISCUSSION

1.)      <u>Motion to Amend</u>

Fed. R. Civ. P. 15 allows a party to amend "once as a matter of course at anytime before a

responsive pleading . . . . Otherwise a party may amend . . . only by leave of court or by written

consent of the adverse party."  Ms. French filed her motion to amend after defendant Farmer's

answered the complaint and defendants Garman and Farm Bureau filed their motions to dismiss.

Motions to dismiss are not responsive pleadings under Rule 15.  *Crum v. Circus Circus Enter*,

231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  Thus, only Farmer's answer can defeat Ms. French's

ability to amend as of right.

Though there is no Ninth Circuit decision on this issue, other authority has reasoned that

where there are multiple defendants, the plaintiff can amend as of right under Rule 15(a)  as

relates to any defendant who has not yet responded, even if another defendant who is not

impacted by the proposed amendment has previously responded.  *Williams v. Bd. of Regents of

Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one

defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a

matter of course with regard to those defendants that have yet to answer."); William W.

Schwarzer et al., *Rutter Group Practice Guide, Federal Civil Procedure Before Trial* § 8.378

(2006) ("Common sense suggests that amendments may be made as a matter of course as to

defendants who have not yet answered; but leave of court must be obtained insofar as the

amendment affects defendants who have already answered.)"  I find this reasoning persuasive,

and I apply it here.

The amendments Ms. French seeks to make do not relate to Farmer's. Mr. Lewis only alleged claims against the Farm Bureau defendants and not Farmer's. Likewise, naming the "Jane Doe" Farm Bureau agent has no impact on Farmer's. Therefore, because I find Ms. French may amend as of right under Rule 15(a), her motion to amend (#15) is GRANTED.[2]

2.)    Motions to Dismiss

Defendants Farm Bureau and Garman's argument that the court lacks diversity jurisdiction is now moot. Their argument was based solely on Mr. Lewis's lack of diversity from the Farm Bureau defendants, but as just discussed, Mr. Lewis is no longer a party to this action.

As stated above, the defendants also argue the court lacks personal jurisdiction over them. To defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff must "demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). In determining whether this burden has been met, the court views the facts and resolves factual disputes in favor of the plaintiff. *Id.* Oregon law controls this inquiry because there is no applicable federal statute governing personal jurisdiction. *Id.*

Oregon law permits courts to exercise personal jurisdiction to the extent allowed by the due process clause of the Constitution.[3] Or. R. Civ. P. 4(L); *State, ex rel. Hydraulic*

---

[2]There is some disagreement between the parties whether Mr. Lewis's notice of voluntary dismissal was effective. I find that it was. Fed. R. Civ. P. 41(a)(1) allows a plaintiff to voluntarily dismiss the action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Because Mr. Lewis only alleged claims against the Farm Bureau defendants and none of them have filed a responsive pleading under this rule, his notice of dismissal was effective.

[3]Though not determinative, I also point out that Oregon's jurisdictional rule specifically dealing with insurance cases is satisfied here. The provision states as follows:
> In any action which arises out of a promise made anywhere to the plaintiff or some third party by the defendant to insure any person, property, or risk and in addition either:
>> (1) The person, property, or risk insured was located in this state at the time of the promise; or

PAGE 4 - OPINION & ORDER

*Servocontrols Corp. v. Dale*, 657 P.2d 211, 212-13 (Or. 1982).  To satisfy due process, a non-resident defendant must "have certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Harris Rutsky*, 328 F.3d at 1129 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Courts employ a three-part test to determine if  "minimum contacts" and "fair play and substantial justice" are satisfied:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1128-29 (9th Cir. 2004).  The "purposeful availment" requirement ensures that defendants will be haled into court in a particular jurisdiction based on their own actions and not "'as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.'"  *Id.* at 1129 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  Personal jurisdiction must be analyzed separately for each defendant.  *Harris Rutsky*, 328 F.3d at 1130.

A)    **Defendant Farm Bureau**

Farm Bureau argues it does not have minimum contacts with Oregon because it is located in Idaho, and it is only licensed to do business in Idaho.  It further argues that its insured, Mr. Lewis, is an Idaho resident, the insurance contract was negotiated in Idaho, and the only

---

(2) The person, property, or risk insured was located within this state when the event out of which the cause of action is claimed to arise occurred; or
(3) The event out of which the cause of action is claimed to arise occurred within this state, regardless of where the person, property, or risk insured was located.

Or. R. Civ. P. 4(I).

contact it had with Oregon was sending notice of the requested policy changes to Ms. French's business address in Oregon. On the other hand, Ms. French argues Farm Bureau purposefully directed its activities to Oregon by knowingly providing coverage for a vehicle owned by an Oregon resident and garaged in Oregon. Taking plaintiff's allegations as true, personal jurisdiction is established.

In *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1476 (9th Cir. 1986), Blue Cross agreed to provide medical insurance for all of Southwest Freight Lines' employees. Blue Cross was licensed in Missouri and Kansas; Southwest was headquartered in Kansas. *Id.* In negotiating the insurance enrollment agreement, all of Southwest's employees were eligible to participate, 40% of whom lived outside Kansas and Missouri. *Id.* After the contract was finalized, Southwest hired some new employees, including the plaintiff, who resided in California. *Id.* at 1476-77. The plaintiff filled out an enrollment application in California and mailed it to Blue Cross listing his California address. *Id.* at 1477. Thereafter, plaintiff received a membership card from Blue Cross at his California address. *Id.*

After Blue Cross denied coverage under the policy, plaintiff sued in California. Blue Cross moved to dismiss arguing the California court lacked personal jurisdiction over it. The Ninth Circuit disagreed, explaining:

> Blue Cross freely negotiated the Enrollment Agreement with Southwest, to cover all of its employees, knowing that Southwest employed people nationwide. The contract provisions confirm Blue Cross's awareness that covered individuals would be located outside its licensed business area. It is true that Blue Cross might not have foreseen at the time it signed the Enrollment Agreement that its contract with Southwest would have effects in California. However, when Southwest hired [plaintiff], he filled out a membership application, which became part of the Southwest-Blue Cross contract. He sent the application from California, using a California address, and received a Blue Cross card at his residence in the forum state. Therefore, at that time, Blue Cross not only could foresee that its actions would have an effect in California, but also that the effect "was contemplated and bargained for." *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1398 (9th Cir.1986) (further citations omitted).

*Hirsch*, 800 F.2d at 1479.

PAGE 6 - OPINION & ORDER

Similarly, accepting plaintiff's allegations, Farm Bureau knew Ms. French was an Oregon resident with an Oregon driver's license and that her car was garaged and used in Oregon when it agreed to extend coverage to her car.  Thus, even though Farm Bureau may not have specifically anticipated that its policy with Mr. Lewis would have effects in Oregon when it initially contracted with Mr. Lewis,[4] it did know of the potential effects in Oregon when it agreed to extend coverage to Ms. French's car.  Additionally, Farm Bureau sent notice of the requested policy change to Ms. French's Oregon address.[5]  Thus, I find Ms. French has established that Farm Bureau purposefully availed itself of the privilege of conducting activities in the forum such that the first element of the minimum contacts test is satisfied.

The second element is also satisfied as Ms. French alleges Farm Bureau breached its contract to provide her coverage.  *Id.* at 1480-81.  This claim arises directly out of the relevant contacts with the forum just discussed.  Finally, the third element, requiring the exercise of jurisdiction be reasonable, is satisfied.  Where the first element of the test is established, there is a presumption of reasonableness, which Farm Bureau can only rebut "by presenting compelling reasons why jurisdiction would be unreasonable."  *Id.* at 1481.  Farm Bureau has not met this burden.  *See* Farm Bureau's Mem. in Supp. Mot. to Dismiss at 7-9.  Thus, Farm Bureau's motion to dismiss (#14) for lack of personal jurisdiction is DENIED.

B)    **Defendant Garman**

It appears Ms. French's claims against defendant Garman arise primarily out of his status

---

[4]Even without specific knowledge of a connection between its insured and Oregon, given the nature of car insurance, it is reasonable to conclude Farm Bureau "could anticipate the risk that its [insured] would travel . . . to different states and become involved in accidents and litigation there."  *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913-14 (9th Cir. 1990) (finding Canadian insurer was subject to personal jurisdiction in Montana, where its insured was involved in an accident).  This is especially true here, as in *Portage*, where the two jurisdictions border each other.

[5]To the extent Ms. French argues the contact she received in Oregon from Farm Bureau in relation to the third-party claim against her establishes minimum contacts, she is in error.  *Portage La Prairie Mut. Ins. Co.*, 907 F.2d at 913.

as a Farm Bureau agent.  However, she named him as a defendant in his individual capacity.  The only allegation I find that potentially goes to defendant Garman's individual capacity is her assertion that he "withheld the fact that [she] was the owner of the motor vehicle in question, and that the motor vehicle was primarily garaged and operated in Oregon" from Farm Bureau, as a basis for her fraud claim.  Compl. at ¶ 37.

As stated above, personal jurisdiction must be analyzed separately for each defendant. *Harris Rutsky*, 328 F.3d at 1130.  Here, the parties have not specifically addressed the court's jurisdiction over defendant Garman.  Instead, the arguments made relating to him are substantially the same as those addressing Farm Bureau.  This is an insufficient basis upon which to resolve defendant Garman's motion (#6).  Thus, the motion remains under advisement, and the parties are directed to submit further briefing addressing whether the court has personal jurisdiction over this specific defendant.  Ms. French is also directed to clarify her allegations against defendant Garman and the capacity in which he is being sued.

IT IS SO ORDERED.


DATED this   6th   day of July, 2007.



/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
U.S. District Court Judge



PAGE 8 - OPINION & ORDER